UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY GILLAM,

        Petitioner,                                     Hon. Paul L. Maloney

v.                                                    Case No. 4:06-CV-41

BLAINE LAFLER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Gillam's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Gillam's petition be **denied**.

**BACKGROUND**

As a result of actions he undertook on December 17, 2003, Petitioner pleaded guilty to (1) assault with intent to do great bodily harm less than murder, and (2) possession of a firearm during the commission of a felony. (Plea Transcript, June 29, 2004, 3-10). For purposes of the assault charge only, Petitioner also pleaded guilty to being a third habitual offender. (Tr. 4, 8). Petitioner received a sentence of 7-20 years on the assault conviction and a consecutive two year sentence on the firearm conviction. (Sentence Transcript, Aug. 9, 2004, 17-18). Petitioner later

moved in the trial court to be resentenced, a request which the court denied. *People v. Gillam*, No. C04-0183FC, Opinion (Kalamazoo Cnty. Cir. Ct., July 18, 2005). Asserting the following claim, Petitioner moved in the Michigan Court of Appeals for leave to appeal:

> I. Defendant is entitled to resentencing when the statutory sentencing guidelines were misscored as to offense variables 9 and 12, which affected the sentencing guideline range.

The court denied Petitioner's request "for lack of merit in the grounds presented." *People v. Gillam*, No. 264388, Order (Mich. Ct. App., Sept. 22, 2005). Asserting the same claim, Petitioner then moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Gillam*, No. 129731, Order (Mich., Dec. 27, 2005). On April 11, 2006, Gillam submitted the present petition for writ of habeas corpus in which he asserts the same claim identified above.

## **STANDARD OF REVIEW**

Gillam's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

2

>>the United States, or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court

3

decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

4

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Petitioner asserts that his sentence violates this rule because the trial court, in fashioning his sentence, relied upon facts which were neither admitted nor proven beyond a reasonable doubt.

In *Blakely*, the defendant pleaded guilty to second degree kidnaping involving domestic violence and use of a firearm. *Blakely*, 542 U.S. at 298-99. In so doing, Blakely admitted "the elements of second-degree kidnaping and the domestic-violence and firearm allegations, but no other relevant facts." *Id.* at 299. Washington law provided that the "standard range" to which a defendant, convicted of this particular offense, could be sentenced was 49-53 months. However, the sentencing court was permitted to impose a sentence in excess of the "standard range" if it found "substantial and compelling reasons justifying an exceptional sentence." Before imposing an "exceptional sentence," the sentencing court was required to "set forth findings of fact and conclusions of law supporting it." *Id.*

The State recommended that Blakely receive a "standard range" sentence of 49-53 months. *Id.* at 300. The sentencing court rejected this recommendation, however, and, finding that Blakely acted with "deliberate cruelty," imposed an "exceptional" sentence of 90 months. *Id.* at 300-01. As the *Blakely* Court recognized, under Washington law, the court "could not have imposed the exceptional 90-month sentence solely on the basis of the facts admitted in the guilty plea," but instead could do so only based on the court's additional determination that Blakely acted with "deliberate cruelty." *Id.* at 304. The Court held, therefore, that this sentence violated Blakely's Sixth Amendment right to trial by jury because it was predicated on facts that were neither admitted by Blakely nor found by a jury. *Id.* at 301-05.

The *Blakely* Court, however, made clear that its holding applied only to "determinate-sentencing schemes" such as that employed by the State of Washington. *Id.* at 308-09. The Court recognized that *indeterminate* sentencing schemes do not run afoul of the Constitution because while such schemes may sanction "judicial discretion" in sentencing, they do not accomplish such "at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty." *Id.* at 308-09. As the Court recognized:

> Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence - and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10-year sentence - and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 309.

As is well recognized, the State of Michigan employs an indeterminate sentencing scheme. *See, e.g., Butz v. Berghuis*, 2009 WL 33462 at *3 (W.D. Mich., Jan. 5, 2009) (Maloney, C.J.); *Jenkins v. Harry*, 2009 WL 103991 at *2 (W.D. Mich., Jan. 14, 2009). Petitioner was convicted of (1) assault with intent to do great bodily harm less than murder, (2) possession of a firearm during the commission of a felony, and (3) being an habitual offender (as to the assault charge only).

Pursuant to Michigan law, the assault conviction subjected Petitioner to a sentence of "not more then 10 years." Mich. Comp. Laws § 750.84 (2003). Furthermore, because Petitioner

was also convicted of being a third habitual offender with respect to this offense, the sentencing court was permitted under Michigan law to sentence Petitioner to "a maximum term [of imprisonment] that is not more than twice" the maximum sentence otherwise permitted. Mich. Comp. Laws § 769.11(1)(a) (2003). The firearm conviction subjected Petitioner to a sentence of two years, to be served consecutively to the sentence imposed for the assault conviction. Mich. Comp. Laws § 750.227b (2003).

As previously noted, Petitioner was sentenced to the following consecutive terms of imprisonment: (a) 7-20 years on the assault conviction and (b) 2 years on the firearm conviction. The sentence for the assault conviction represents twice the maximum sentence otherwise allowed and the two year sentence for the firearm conviction is consistent with Michigan law. Thus, when Petitioner committed his crimes he knew that he could possibly receive sentences of this magnitude. Because Petitioner received a sentence within the range permitted by Michigan law as a result of his convictions and his status as an habitual felon, any additional fact-finding in which the trial court may have engaged did not violate Petitioner's rights under *Blakely* or the Sixth Amendment.

The trial court rejected Petitioner's *Blakely* claim. *People v. Gillam*, No. C04-0183FC, Opinion (Kalamazoo Cnty. Cir. Ct., July 18, 2005). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

Finally, while not clearly stated, it appears that Petitioner also asserts that his sentence violates Michigan law. To the extent that Petitioner alleges that he is being confined in

violation of state law, his claim is not cognizable.  *See* 28 U.S.C. § 2254(a) (the federal courts can only consider habeas claims alleging "violation of the Constitution, laws, or treaties of the United States").

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States.  Accordingly, the undersigned recommends that Gillam's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  May 15, 2009                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge